224

In the Matter of JOHN E. PAGGIOLI, Also Known as JOHN EDWARD PAGGIOLI, an Attorney, Respondent. SOLOMON A. KLEIN, Petitioner.

Second Department, July 23, 1971.

*Solomon A. Klein* (*Nicholas C. Cooper* of counsel), petitioner in person.

*Calmin S. Sharfstein* for respondent.

*Per Curiam.* The respondent was admitted to practice law on October 20, 1954 in the Second Judicial Department. In this proceeding to discipline him for professional misconduct, the petitioner moves to confirm the report of the Justice of the Supreme Court to whom the matter was referred for hearing and report; and the respondent, by affidavit of counsel, requests the same relief.

In substance, the petition, as amended, charged that the respondent, who had been retained in 1964 for the purpose of

instituting a separation action on behalf of his client, "grossly neglected" his client's interests by failing to commence such action and to apply for temporary alimony, and "repeatedly deceived" his client by "misrepresenting" that (a) the action had been commenced and was pending; (b) it had been placed upon the trial calendar; (c) he had conducted negotiations with an attorney representing the client's husband for the purpose of disposing of the action; (d) an order had been made in the action directing the husband to pay temporary alimony and a counsel fee; and (e) he had commenced numerous proceedings in court for the purpose of enforcing his client's claim for support and maintenance.

Mr. Justice Titone found that the charges as alleged in the petition, substantially all of which were admitted in the respondent's amended answer, were supported by the evidence. He further found that when pressed by his client for the temporary alimony which he had misrepresented as awarded to her, the respondent paid to his client from his own personal funds a total in excess of $9,000. As stated by the hearing Justice: "But it was not alimony at all; he used his own personal funds to perpetrate this charade on * * * [the client] and a nightmare on himself."

In determining the discipline to be imposed for the respondent's misconduct we deem significant the following findings made by Mr. Justice Titone: "I find that the respondent has acted with commendable candor throughout this proceeding and the Bar Association proceeding. He has co-operated fully, admitted his mistakes, and has attempted no superficial justification. I find that he is of general good character, that his record at the Bar is unblemished other than this incident, that he is fully aware of the wrongfulness of his treatment of * * * [the client] and that he is genuinely repentant. I believe he is not likely to ever again be guilty of professional misconduct." Under the circumstances, we are of the opinion that censure is an appropriate measure of discipline. Accordingly, the petitioner's motion to confirm the report is granted and an order should be made censuring the respondent.

Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.

Motion granted and respondent is herewith censured for the conduct of which he has been found guilty.